# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
GERALD BASS
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 11-30573

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

Defendant is a 43 year old career criminal who was recently (September, 2011) discharged from federal supervision following convictions of credit card and identity fraud. His federal probation officer described Defendant's adjustment to supervised release as "poor" and that Defendant failed to report as directed, tested positive for illegal drug use, and failed to complete substance abuse treatment as instructed. Defendant has violated his probation and his supervised release time was extended twice. The activities with which he is charged in the instant complaint were being conducted while he was under federal supervision, although it was unknown at the time.  (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 3, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

11-30573; USA vs GERALD BASS                                         PAGE 2

His criminal history reflects a life long career in multiple schemes of fraud, obstruction of justice, unauthorized use of access devices, weapons violations, felony firearm, assaultive crimes, identity theft, retail theft, uttering and publishing, and conspiracy to commit federal crimes, to which he readily admits. (Defendant has prepared two handwritten handbooks on how he executed his schemes of credit card, retail, and identity frauds throughout his life, beginning as a teenager). Defendant has used a long list of alias names, 13 of which can be found listed in the Pretrial Services Report.

Defendant is charged in the instant case with: Fraud by Wire, Conspiracy to Commit Fraud, Credit Fraud, and Identity Theft, the same crimes for which he was indicted and convicted in this district in 1999. The government is seeking an indictment.

Although not verified by Pretrial Services, Defendant states that he has been employed full time for the past 11 months by D and D Innovations, earning approximately $1300 monthly. He has outstanding debt liabilities for the following: 1) a court ordered judgment in the amount of $86,000; 2) medical bills for $15,000 and 3) personal and school loans in the amount of $1700. He has paid restitution on none of the above described outstanding liabilities.

Defendant believes he suffers from bi-polar disorder, although he has never been formally diagnosed with same. He admits to mood swings, quick temper/reactions, and violent outbursts.

Defendant admits to daily drug use of marijuana, crack cocaine, ecstacy and alcohol, and reports that he last used on the day before he was arrested.

Defendant was arrested at his home. A state search warrant was executed and 3 firearms were found at the home, including a shotgun with a pistol grip. As stated above, Defendant is a convicted felon. In his bedroom the floor was covered in patient clinical records from Midwest Health Clinic, records which did not belong to him and which logically can be concluded were being used in furtherance of his fraudulent activities for the private identity information which they contained.

Defendant is deemed to be a risk of flight and a danger to the community. He self-reports possible mental health issues, he admits to daily use of crack cocaine, ecstacy, and marijuana, he has used more than a dozen alias names during his life long career of executing frauds upon persons and retail businesses. He has failed to comply on multiple occasions with the requirements of his probation and/or supervised release, causing him to have his supervised release revoked in 1996 and placing him custody for two years, and again in 2004 when his supervised release was revoked and he was placed into custody for two years with 12 months of supervised release following.

Defendant is deemed to be a danger to the community because he continues to engage in criminal activity while under supervision, he has failed to adjust to supervision in the past, he has had his supervised release revoked twice and incurred four years of additional incarceration as a result,

**11-30573; USA vs GERALD BASS**  PAGE 3

he has a daily drug habit which includes crack cocaine, ecstacy and marijuana, he has a history of violent behavior and convictions for same, he has a long list of prior arrests and convictions, he has a history of weapons use and weapons were found at his home when arrested for the instant offenses, notwithstanding his past felony convictions, and he has repeated the same pattern of criminal activities over the years, and while under federal supervision, and his criminal convictions have not served as a deterrence.

Accordingly, there is no condition or combination of conditions that would reasonably assure the safety of the community or the defendant's appearance in court. Therefore, Detention is Ordered.